493 So.2d 1350 (1986)
Carol McCall CLEMENT
v.
The MERCHANTS NATIONAL BANK OF MOBILE,[1] et al.
84-477.
Supreme Court of Alabama.
May 16, 1986.
As Modified on Denial of Rehearing July 18, 1986.
*1352 Richard L. Thiry of Thiry, Maples & Brunson, Mobile, for appellant.
Ben H. Harris, Jr. of Johnstone, Adams, Howard, Bailey & Gordon, Mobile, and Edmon H. McKinley, Thomasville, for appellee Merchants Nat. Bank of Mobile, etc.
Benjamin H. Kilborn and Ralph Kennamer and Beth Marietta and John W. Coleman, Mobile, guardians ad litem for Jessica Frances McCall.
TORBERT, Chief Justice.
This is an appeal from a directed verdict in favor of the defendants declaring Jessica Frances McCall, a minor, to be a beneficiary of certain estates and trusts administered by the Merchants National Bank of Mobile. We affirm in part, reverse in part, and remand.
On August 1, 1984, Carol McCall Clement filed a complaint for declaratory judgment and injunctive relief against Jessica Frances McCall, Frances D. McCall, and the Merchants National Bank of Mobile. The complaint prayed that the court declare that Jessica is not the biological child of James Alf McCall and, consequently, not a beneficiary of the respective estates and trusts of A.S. Johnson and W. Johnson McCall.[2]
James Alf McCall died on March 13, 1984, at the age of twenty-four. He and his sister, Carol McCall Clement, who is the plaintiff, were beneficiaries under five trusts created by A.S. Johnson, who died on July 13, 1970. Also, James Alf McCall and Carol McCall Clement, along with their mother, Frances D. McCall, were beneficiaries of a trust created by W. Johnson McCall.
On August 31, 1984, the Circuit Court of Mobile County appointed four guardians ad litem to represent the minor child, Jessica Frances McCall.
The Bank filed an answer to the complaint and a cross-claim on September 4, 1984, seeking a decree instructing the Bank and establishing the rights, duties, powers, and responsibilities of the Bank, along with the rights of beneficiaries and parties pursuant to the respective estates and trusts.
On October 31, 1984, Carol McCall Clement served by mail, pursuant to Rule 41(a)(1)(i), A.R.Civ.P., a notice of dismissal of the complaint against Jessica and Frances D. McCall. On November 27, 1984, the trial court held that the Rule 41 notice of dismissal of Jessica and Frances was void, and the parties were reinstated. On November 2, 1984, Carol McCall Clement filed a motion of voluntary dismissal pursuant to Rule 41(a)(2), A.R.Civ.P., as to the Bank, and the trial court entered a denial of this motion. However, on the same date, a withdrawal of the motion to dismiss was filed.
*1353 Jessica Frances McCall's answer to the cross-claim of the Bank was filed by her guardians ad litem on November 2, 1984, and her answer to the complaint of Carol McCall Clement was filed on November 5, 1984.
On November 13, 1984, pursuant to Rule 35, A.R.Civ.P., Carol McCall Clement filed a "motion for compulsory physical examination," seeking a blood test of Jessica and Melissa McCall (Jessica's mother), for the purpose of determining the biological father of the child. The trial court denied this motion on November 27, 1984, without making any findings of fact or conclusions of law. Carol McCall Clement then filed an amended complaint naming additional defendants, Melissa McCall and Gary Sasnett (whom she alleged to be the biological father). A blood test was again requested of Jessica and Melissa and also of Gary. The trial court struck the amended complaint and again denied the blood test request.
On December 10, 1984, the case went to trial. A directed verdict was granted, and based upon that directed verdict the court entered a judgment declaring Jessica Frances McCall to be the biological child of James Alf McCall and, therefore, a beneficiary of the estates and trusts created by A.S. Johnson and W. Johnson McCall. Subsequently, a hearing was held to determine the amount of attorneys' fees to be awarded to the guardians ad litem and to the attorneys who represented the Bank. The trial court awarded $200,000 to be split equally among the guardians ad litem and a fee of $28,386.30 to the Bank's attorneys. The court ordered that all fees be paid out of Carol McCall Clement's share of the corpus of the estate of A.S. Johnson. Numerous issues were raised on appeal.

I.
We first address whether the trial court erred in reinstating parties dismissed by the plaintiff pursuant to Rule 41(a)(1), A.R. Civ.P., and in denying the plaintiff's motion for a voluntary dismissal pursuant to Rule 41(a)(2), A.R.Civ.P.
A plaintiff may voluntarily dismiss a suit without prejudice by filing a notice of dismissal prior to the service of an answer or of a motion for summary judgment, whichever occurs first. Rule 41, A.R.Civ.P. Carol McCall Clement served a notice of dismissal upon Jessica and Frances D. McCall on October 31, 1984, prior to the filing of an answer by Jessica on November 5. An answer was not filed by Frances. Rule 41(a)(1) affords the plaintiff an unqualified right to dismiss under these facts. Therefore, it was error for the trial court to reinstate Jessica and Frances as parties to the original suit. See Williams v. Ezell, 531 F.2d 1261, 1263-64 (5th Cir. 1976). However, Jessica and Frances remained proper parties in this suit anyway, by virtue of the Bank's cross-claim against them, and the issues were the same in regard to the original complaint as in regard to the cross-claim. The trial court's final judgment, from which this appeal was taken, ruled on both the original complaint and on the cross-claim. Therefore, the error was one without injury or prejudice to any of the parties, and does not necessitate a reversal of the judgment. Rule 45, A.R. A.P.
Although Carol McCall Clement filed a motion for voluntary dismissal of the Bank via Rule 41(a)(2), no error was committed by the trial court's denial of that motion, because the motion was withdrawn on the same date that it was filed. Thus, the status of the suit should have been Carol McCall Clement versus the Bank, and the Bank's cross-claim would properly be treated as having been converted into a third-party complaint naming Jessica Frances McCall and Frances D. McCall as third-party defendants.

II.
The plaintiff next alleges that the trial court erred in striking her amended complaint in which she sought to add Melissa McCall and Gary Sasnett as additional defendants. Melissa McCall is the mother of Jessica Frances McCall, and Gary Sasnett is the person whom the plaintiff alleges to *1354 be the biological father of Jessica. The record and the briefs of the parties show that the plaintiff sought to add Melissa McCall and Gary Sasnett as defendants for the purpose of subjecting them to a blood test pursuant to Rule 35(a), A.R.Civ.P. On appeal, the plaintiff has the burden of proving that the trial court abused its discretion by striking the amended complaint. Dean v. Sfakianos, 472 So.2d 1009, 1011 (Ala. 1985); Employers Casualty Co. v. Hagendorfer, 393 So.2d 999, 1002 (Ala.1981).
The trial court did not abuse its discretion in this case. First, Melissa McCall and Gary Sasnett were not "[p]ersons to [b]e [j]oined if [f]easible," Rule 19, A.R.Civ.P., because (1) complete relief could be accorded without their presence, and (2) neither Melissa nor Gary is claiming an interest in the trust property. See Rule 19(a), A.R.Civ.P. Second, the plaintiff could not properly join Melissa McCall or Gary Sasnett under the "permissive joinder" provisions of Rule 20(a), A.R.Civ.P. Rule 20 allows persons to be joined as defendants "if there is asserted against them ... any right to relief" in respect to the same transaction or occurrence. Absolutely no "right to relief" is being asserted against Melissa McCall or Gary Sasnett. Third, it is improper for a plaintiff to join a person as a defendant solely for discovery purposes. Norwood v. Memphis & Charleston R.R. Co., 72 Ala. 563, 566 (1882) ("It was not permissible to make them defendants for the sole purpose of discovery; for mere witnesses, who are shown to be cognizant of alleged facts, can never be joined for such a purpose"). See also, Tutwiler v. Tuskaloosa Coal, Iron & Land Co., 89 Ala. 391, 7 So. 398 (1889); 30A C.J.S. Equity § 136, at 107 (1965).
We hold that the plaintiff had no unqualified right to add Melissa McCall and Gary Sasnett as defendants in this action, and the trial court did not abuse its discretion in striking the amended complaint.

III.
The plaintiff also alleges that the trial court erred in denying her motion for the court to order Jessica Frances McCall, Melissa McCall, and Gary Sasnett to submit to a blood test. The trial court may order a person to submit to a blood test under Rule 35, A.R.Civ.P., only "[w]hen the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy," Rule 35(a), A.R. Civ.P., and the only persons who can be ordered to submit to a blood test are parties to the suit, or persons under the control of parties. See, Scharf v. United States Attorney General, 597 F.2d 1240, 1243-44 (9th Cir.1979).
Since the trial court correctly struck the plaintiff's amended complaint, Melissa McCall and Gary Sasnett were not parties to this lawsuit. Therefore, they could not be ordered to submit to a blood test under Rule 35. However, because Jessica Frances McCall was a party to the lawsuit as a third-party defendant, we must decide whether she should have been ordered to submit a blood test.
We note that Rule 35(a) states that the trial court "may order" a party to submit to a physical or mental examination if "good cause" is shown by the movant why the examination should be ordered. Such an order must not be routinely granted as of right, but should be carefully utilized. Balfour v. Balfour, 413 So.2d 1167, 1169 (Ala.Civ.App.1982). The power to grant the motion rests in the sound discretion of the trial court, and will be reversed only upon a showing of an abuse of discretion. Perry v. Perry, 460 So.2d 1324, 1325 (Ala. Civ.App.1984).
As discussed above, a blood test was not, and could not have been, ordered for Melissa McCall and Gary Sasnett, and there has been no evidence at all brought forth as to the blood type of James Alf McCall, who is deceased. Because the result of a blood test to be performed on Jessica would be relevant in this case only if it could be considered in conjunction with the blood types of Melissa McCall, the presumed *1355 father, or the alleged biological father, we can find no "good cause" as to why Jessica, who was four years old when the plaintiff's motion was filed, should be ordered to submit to a blood test.
We believe that the trial court was correct in denying the plaintiff's motion to have Jessica Frances McCall, Melissa McCall, and Gary Sasnett ordered to submit to a blood test under Rule 35, A.R. Civ.P. Therefore, the trial court did not abuse its discretion in this ruling.

IV.
The plaintiff also alleges that the trial court erred in denying her motion for a continuance of the trial date to await results of the aforementioned blood tests. Because the trial court was correct in not ordering the blood tests, no error could have been committed in denying the plaintiff's motion for a continuance, as there were no blood test results to await.

V.
Carol McCall Clement also asserts that the trial court erred in appointing more than one guardian ad litem (four) and in awarding $200,000.00 in attorneys' fees to them.
Authority for the appointment of a guardian ad litem and the award of attorney's fees is found in Rule 17(d), A.R. Civ.P. This rule does not provide for the appointment of more than one guardian ad litem, using the singular form in all phrases where the term "guardian ad litem" is used. We note that additional attorneys may be consulted when special expertise is required in a case. The record does not reflect the need for any special expertise in this case, nor does it reflect that any of the appointed guardians ad litem possess some type of special expertise. Even though this suit involved a large sum of money and complex issues, there has been no showing that four guardians ad litem were needed to protect the interests of the minor. If four guardians ad litem were not necessary, the four appointed should share in the amount of reasonable attorney's fees that a proper number of guardians ad litem would be entitled to receive.
An award of attorney's fees is within the trial court's discretion, subject to correction only for abuse of that discretion. Englund v. First National Bank of Birmingham, 381 So.2d 8, 12 (Ala.1980).
In Peebles v. Miley, 439 So.2d 137 (Ala. 1983), this Court set forth criteria to be used in determining a reasonable amount of attorney's fees. Although all of the criteria set forth must be taken into consideration (though all criteria need not be met) it has been generally recognized that the amount of time consumed should be the first yardstick used by the trial court. Peebles v. Miley, supra; Graddick v. First Farmers & Merchants National Bank of Troy, 453 So.2d 1305 (Ala.1984).
The guardians ad litem expended 373.55 hours and were awarded $200,000.00, which is about $535 per hour. The Bank's attorneys expended a total of 445.59 hours and were awarded only $28,386.30, which is less than $64 per hour. Even taking into consideration the large sum of money involved in this suit and the fact that the guardians ad litem were representing a minor, we feel that $200,000.00 is clearly in excess of a reasonable fee in this case, and that fee must be reduced.

VI.
The plaintiff also argues that the Bank's attorneys are not entitled to any fee because they have not provided services for the common benefit of the parties. An award of attorney's fees to an attorney representing a trust is allowed in all actions where the administration of a trust is involved. Code 1975, § 34-3-60. However, one principle that is firmly recognized is that "services for the common benefit of the parties mean ... services rendered in a *1356 matter in which the trust as a trust is interested and not services in behalf of the individual interests of the parties to the cause." Graddick v. First Farmers & Merchants National Bank of Troy, 453 So.2d at 1311.
The record shows that the Bank, as trustee, remained neutral on the question of the ancestry of the minor, Jessica. The evidence presented by the trustee at trial was for the purpose of supporting the trustee's cross-claim, in which it sought a declaratory judgment as to its rights and responsibilities. In Lewis v. Wilkinson, 237 Ala. 197, 198, 186 So. 150, 150 (1939), this Court wrote:
"Attorneys' fees will be charged to the interest in truth and in fact represented. The fact that the respresentation incidentally resulted in benefit to the other cestuis que trustent did not authorize charging them with attorneys' fees. [As cited in Graddick v. First Farmers & Merchants National Bank of Troy, supra, at 1311.]"
Since the trustee's attorneys represented the trustee in a neutral manner, we hold that they are entitled to the reasonable fees which were awarded by the trial court, but those fees should be taxed against the general corpus of the trusts and not just against the plaintiff's share of the corpus.

VII.
We have reviewed all of the plaintiff's other issues on this appeal, and find no reversible error. Therefore, we affirm the trial court's rulings on the merits of this case, but reverse its awards of attorney's fees, and remand to the trial court for orders consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.

ON APPLICATION FOR REHEARING
TORBERT, Chief Justice.
OPINION MODIFIED; APPLICATION OVERRULED.
MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.
NOTES
[1] The Merchants National Bank of Mobile has changed its name to First Alabama Bank of Mobile.
[2] Although the trust instruments at issue are not set out in the opinion, the parties have come here with the apparent understanding that only a "biological child" could be a beneficiary. This entire proceeding is premised upon Carol McCall Clement's challenge to James Alf McCall's paternity of the minor child born to his wife; on this appeal no one has properly raised any issue concerning whether in fact plaintiff has standing to challenge that paternity.