Nina Faye Nix sued the Chilton County Commission for damages, alleging that she incurred personal injury and property damage when her automobile collided with a roadsweeper being operated by the Commission. A jury returned a verdict for the Commission. Nix appealed.
On appeal, Nix argues that counsel for the Commission exercised its peremptory challenges in a racially discriminatory manner. Specifically, Nix contends that when she raised an objection pursuant to Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), to the Commission's use of a peremptory strike against a potential black juror, the trial judge failed to acknowledge her objection or to determine whether she had made a prima facie showing of racial discrimination. Instead of conducting a Batson hearing, the trial judge held that before it was required to determine whether Nix had made a prima facie case of racial discrimination, it must be affirmatively shown that this was a racially disproportionate jury. The trial court determined that that had not been shown and, therefore, that the Commission was not required to give a race-neutral reason for its peremptory strike. Nix contends that this was error, and we are satisfied that it was.
We acknowledge that some case-law language may have led the trial court to its conclusion. In Harrell v. State,571 So.2d 1270, 1271 (Ala. 1990) ("Harrell II"), the Court stated that "[w]hen the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created." 571 So.2d at 1271. Then, in Ex parteThomas, 659 So.2d 3 (Ala. 1994), the *Page 721 
Court rejected this language in Harrell II. Specifically, the Court disapproved this statement to the extent that it had been construed to preclude a finding of a prima facie Batson
violation. The Court disapproved this statement as it has been applied in these instances, because such applications prevent a defendant from using a factor indicating discrimination that was approved in both Branch and Batson. Such an application was not the Court's intent. Even before Thomas was decided in 1994, this Court, in Ex parte Bird, 594 So.2d 676 (Ala. 1991), considered the dictum of Harrell II but did not construe it to mean that a defendant cannot make a prima facie case if the percentage of blacks on the jury is greater than the percentage that was on the venire.
Nix made a proper and timely Batson objection. Specifically, Nix objected to the Commission's use of a peremptory strike against the sole remaining black juror, but the reversible error occurred when the trial court held that the Commission was not required to give a race-neutral reason until Nix hadaffirmatively shown that the venire was a disproportionatevenire. The trial court never reached the Batson hearing stage, and consequently, no initial determination was made as to whether Nix had made a prima facie showing of discrimination. Therefore, we must reverse the judgment of the trial court and remand this case for a Batson hearing.
Although we need not reach the Batson question for the disposition of this case, we are satisfied that there has been some confusion in both the trial courts and the appellate courts regarding the application of Batson. Much of that confusion exists because of a misunderstanding of the basic holding in Batson, which was to prohibit "purposeful discrimination," a factual determination that Batson left to the trial court.
In Batson, the "purposeful discrimination" was practiced by the prosecution in a case involving a black defendant; inPowers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411
(1991), the Batson principle was applied to a white defendant, holding that while an individual juror does not have a right to sit on any particular petit jury, he or she does have the right not to be excluded from a jury on account of race; in Edmonsonv. Leesville Concrete Co., 500 U.S. 614, 111 S.Ct. 2077,114 L.Ed.2d 660 (1991), Batson was applied to parties in civil cases; in Georgia v. McCollum, 505 U.S. 42, 112 S.Ct. 2348,120 L.Ed.2d 33 (1992), Batson was extended to apply to prohibit criminal defendants from engaging in purposeful discrimination; and, in J.E.B. v. Alabama ex rel. T.B., ___ U.S. ___,114 S.Ct. 1419, 128 L.Ed.2d 89 (1994), Batson was extended to apply to gender-based strikes.
Through this evolution of the Batson principle, the fundamental object of that principle did not change — it was to prevent purposeful discrimination in the jury selection process, to protect the integrity of the jury system, and to foster public confidence in that system. Batson specifically recognized that the duty of ensuring the elimination of "purposeful discrimination" was the duty of the trial court.
Nix requests that this Court grant her a new trial rather than remand this case, because the defense has now had the benefit of time and review of the record on appeal to aid in the formulation of race-neutral explanations. We decline to do so. Instead, we reverse the judgment and remand this case to the trial court, noting that it is within the trial court's discretion to determine whether a new trial is in order.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON and BUTTS, JJ., concur.
HOUSTON, J., concurs in the result.