ROBERTSON, Presiding Judge.
This is an appeal from the trial court’s judgment imposing guardian ad litem fees as court costs on the prevailing party, Gloria D. Blocton. We reverse and remand.
On October 26, 1992, Billy Ray McNair sued Blocton alleging that she had negligently or wantonly operated her motor vehicle so as to damage McNair. The case went to trial on April 26, 1995, and the jury found for Blocton. During the selection of the jury, both Blocton and McNair challenged juror strikes made by the opposing party pursuant to Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Blocton, a black female, challenged all six of McNair’s strikes as impermissibly based on race and gender because he had struck four black jurors out of six and two female jurors out of six. After Blocton’s Batson challenges, McNair challenged all six of Blocton’s strikes on the same grounds because she had struck six white males out of six. McNair made his challenges even though he had initially announced that he was satisfied with the jury.
*453 The record indicates that after extended discussions with the parties’ lawyers regarding the Batson challenges, the trial court appointed a guardian ad litem to represent the jurors and to inform them of their constitutional rights to serve on the jury. Blocton objected to the appointment and to the fact that the trial court made the appointment without requiring race or gender reasons from McNair for his strikes. The guardian ad litem was instructed to inform the challenged jurors of them constitutional rights as recognized in Batson and its progeny. See Edmonson v. Leesville Concrete Co., 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1881); Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). After meeting with the jurors, the guardian ad litem informed the court that some of the jurors wished to preserve their rights. The trial court dismissed that jury venire and called a new jury pool from which to select a jury.
Batson challenges were again made by both parties to the opposing party’s strikes of jurors from the second jury venire, and the trial court again appointed a guardian ad litem to represent the rights of the jurors. The guardian ad litem met with the jurors and again reported to the trial judge that certain jurors wished to preserve their rights as recognized in Batson and its progeny. McNair waived his Batson challenges, and the trial court eventually denied Blocton’s Batson challenges. The jury was empaneled; the trial proceeded; and the jury found for Blocton. The trial court entered judgment on the verdict and assessed court costs, with the exception of the guardian ad litem fees, against McNair. The trial court assessed the guardian ad litem fees of $825 against Blocton.
Blocton appeals the imposition of the guardian ad litem fees on three theories: (1) that the trial court erred in appointing a guardian ad litem for the challenged jurors, (2)that the trial court unconstitutionally imposed a penalty on Blocton because she asserted her rights under Batson, and (3) that the trial court erred in assessing costs against Blocton because she was the prevailing party in the lawsuit. Because we hold that the trial court erred in appointing a guardian ad litem under the circumstances of this case, we do not address the second and third issues.
At the outset, we note that Batson was applied to the law of Alabama by our supreme court in Ex parte Branch, 526 So.2d 609 (Ala.1987). The essential purpose of Batson and the application of that purpose to various jury situations was addressed by the Alabama Supreme Court in Nix v. Chilton County Comm’n, 667 So.2d 719 (Ala.1995). The court in Nix noted that the purpose of Batson was to prevent “purposeful discrimination” in the use of jury strikes. The court stated:
“In Batson, the ‘purposeful discrimination’ was practiced by the prosecution in a case involving a black defendant; in Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), the Batson principle was applied to a white defendant, holding that while an individual juror does not have a right to sit on any particular petit jury, he or she does have the right not to be excluded from a jury on account of race; in Edmonson v. Leesville Concrete Co., 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991), Batson was applied to parties in civil cases; in Georgia v. McCollum, 505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992), Batson was extended to apply to prohibit criminal defendants from engaging in purposeful discrimination; and, in J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994), Batson was extended to apply to gender-based strikes.”
667 So.2d at 721.
The procedure to be followed when a party objects to a juror strike by the opposition under Batson was most recently set out by the United States Supreme Court in Purkett v. Elem, — U.S. -, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995). The Court stated:
“Under our Batson jurisprudence, once the opponent of a peremptory challenge has made out a prima facie case of racial discrimination (step 1), the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If a race-neutral, ex *454 planation is tendered, the trial court must then decide (step 3) whether the opponent of the strike has proved purposeful racial discrimination. Hernandez v. New York, 500 U.S. 352, 358-359, 111 S.Ct. 1859, 1865-1866, 114 L.Ed.2d 395 (1991) (plurality opinion); id., at 375, 111 S.Ct., at 1874 (O’Connor, J., concurring in judgment); Batson, supra, at 96-98, 106 S.Ct., at 1722-1723.”
— U.S. at-, 115 S.Ct. at 1770-71.
In this case, the trial court interrupted the procedure after step 1 and appointed a guardian ad litem to represent the challenged jurors and to inform them of their constitutional rights not to be struck from jury service because of race or gender. The trial court’s authority to appoint guardians ad litem is broad. Ala.Code 1975, § 26-2A-52 provides:
“At any point in a proceeding, a court may appoint a guardian ad litem to represent the interest of a minor or other person if the court determines that representation of the interest otherwise would be inadequate. If not precluded by conflict of interests, a guardian ad litem may be appointed to represent several persons or interests.”
The comment to § 26-2A-52 states further:
“The court, under this section, has very broad discretion in appointing a guardian ad litem to represent the interest of any party before the court. Appointment can be made at any time and for virtually any reason.”
We note that Rule 17(d), Ala.R.Civ.P., also provides for broad authority for the appointment of guardians ad litem.
However broad the court’s authority to appoint guardians ad litem, it is not unlimited. For example, in Clement v. Merchants Nat. Bank of Mobile, 493 So.2d 1350 (Ala.1986), our supreme court held that the ap-pomtment of additional guardians ad litem where only one was required exceeded the trial court’s authority under Rule 17(d). Although Clement is not factually on point with the instant case, it does show that the appointment of a guardian ad litem to perform a service already performed can be error. In Clement, the court required that the additional guardians ad litem share in the fee necessary to compensate the services of one guardian ad litem.
In this case, the trial court’s error was that its appointment of a guardian ad litem could protect only the same rights as the Batson procedure set out in Purkett, supra. The appointment of the guardian ad litem was therefore unnecessary. Had the trial court completed the Batson procedure, it would have reviewed the reasons for each strike and determined whether the strike was improperly based on race or gender. The trial court’s determination would have been either (1) that the strike was race and gender neutral, or (2) that the strike was improperly based on race or gender. In the first situation, the juror would have received a judicial determination that the juror had not been excluded from jury service as a result of race or gender. The juror’s rights under Batson would not have been infringed. In the second situation, the trial court would have invalidated the strike, and the juror would have served on the jury. The juror’s rights under Batson would have been protected.
The design of the Batson procedure is to protect the parties and the jurors from purposeful discrimination. The trial court’s appointment of a guardian ad litem where the parties had already asserted the juror’s rights offers no greater protection than the Batson procedure already in place. Because the trial court’s appointment was unnecessary, the imposition of the costs incurred by the guardian ad litem on either party would be an abuse of the trial court’s discretion. See generally Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600 (Ala.1988). Accordingly, the trial court’s award of the guardian ad litem fees against Blocton is reversed. This cause is remanded for the trial court to direct that the guardian ad litem fees incurred in this case be paid from proceeds generated by the Fair Trial Tax Fund, Ala.Code 1975, § 12-19-250 et seq.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and MONROE, JJ., concur.