PITTMAN, Judge,
concurring in part and dissenting in part.
Although I concur in that portion of the per curiam opinion that affirms the trial *1008 court’s failure to instruct the jury on the sudden emergency doctrine, I dissent as to the portion of the opinion that affirms the trial court’s denial of Brandy Waters’s Batson challenge. Although I recognize that the trial court is in the best position to evaluate the evidence and the explanations presented by counsel to determine if those explanations constitute legitimate race-neutral reasons for exercising peremptory strikes, I am bothered by the per curiam opinion’s bold statement that the trial court, in making its evaluation of the offered reasons, “is not simply limited to what is elicited on voir dire, but may rely on [its] own personal knowledge in making that determination.” 821 So.2d at 1006. Even an appellate court has some discretion to review the exercise of peremptory strikes. Gennie v. VanHorne, 707 So.2d 266 (Ala.Civ.App.1997), citing Ex parte Brown, 686 So.2d 409 (Ala.1996). However, if the trial court does not preserve in the record its particular, personal knowledge upon which it relied in evaluating counsel’s reasons, then we have no means by which we can review its decisions regarding those strikes.
I do not ask for the trial court to “check [its] common sense at the courtroom door” in determining whether to allow peremptory strikes. 821 So.2d at 1006. I do not advocate that a trial court disregard its personal knowledge of facts and circumstances within its purview when making such determinations. All I ask is for the trial court to properly require counsel to elicit evidence during voir dire that would support counsel’s efforts to exercise his peremptory strikes and for the trial court to properly preserve in the record its own reflections and knowledge for the benefit of the appellate courts that are asked to review the ruling allowing such strikes. The record in this case does not reflect either the trial court’s or the potential jurors’ personal knowledge of the peculiar facts and circumstances underlying counsel’s strikes. I believe that the per cu-riam’s affirmance of the trial court’s decision to deny Brandy Waters’s motion for a new trial, or, in the alternative, for a judgment as a -matter of law, implicitly gives the trial courts of this state free rein to assume into the record facts which do not appear “on paper” — facts of which this appellate court has no knowledge. Indeed, I feel that in this particular instance this appellate court is being asked to assume too much.