CRAWLEY, Judge.
Tierney Lavonya Foushee (“the mother”) and Darrell Phillip Foushee (“the father”) were divorced in 1999. Their separation agreement, which was incorporated into the judgment of divorce, awarded custody of the parties’ children to the mother and required the father to pay child support. In 2004, the mother sought the aid of the Alabama Department of Human Resources (“DHR”) to modify the amount of the father’s child-support obligation. On the mother’s behalf, DHR filed an action seeking a modification of child support in the Dale Circuit Court; Dale County is the county in which the parties were divorced. The mother and the children, however, had resided in Coffee County since the divorce. At a scheduled hearing and before the father filed an answer or a motion for a summary judgment, the mother orally moved to voluntarily dismiss the child-support action. The trial court “granted” the requested dismissal by noting on the case-action-summary sheet that the action was dismissed at DHR’s request.
*74 The father filed a postjudgment motion arguing that the trial court should set aside the dismissal; he also filed an emergency motion for temporary custody of the parties’ children. The trial court set aside the dismissal and awarded the father emergency temporary custody of the children. The trial court later held a hearing at which it continued temporary custody of the children in the father.
The mother now seeks a writ of mandamus compelling the trial court, among other things, to vacate all of its orders subsequent to the dismissal order and to return custody of the children to her pending the father’s filing of a proper petition to modify custody. Because the mother is entitled to the writ on that ground, we will not discuss the alternate grounds for relief she argues in her petition.
“ ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ”
Ex parte K.N.L., 872 So.2d 868, 870 (Ala. Civ.App.2003) (quoting Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)).
As the mother argues, she was entitled to voluntarily dismiss the modification action before the father answered or filed a motion for a summary judgment. Rule 41, Ala. R. Civ. P., reads as follows:
“(a) Voluntary Dismissal: Effect Thereof.
“(1) By Plaintiff; By Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of this state, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.... ”
Our supreme court has discussed the application of Rule 41(a)(1)(i) in only one case: Clement v. Merchants Nat'l Bank of Mobile, 493 So.2d 1350, 1353 (Ala.1986).
In Clement, the plaintiff, Carol McCall Clement, filed an action on August 1, 1984, against Jessica McCall, Frances McCall, and Merchants National Bank of Mobile (“the bank”). Clement, 493 So.2d at 1352. The bank answered the complaint in September, but neither Jessica nor Frances had answered by October 31. 493 So.2d at 1352 & 1353. On October 31, Clement filed, pursuant to Rule 41(a)(1)(i), a notice of dismissal of the complaint against Jessica and Frances. 493 So.2d at 1352. The trial court later held that the notice of dismissal as to Jessica and Frances was void, and they were reinstated as parties to the suit. Id. After trial, Clement appealed, raising numerous issues, including whether the trial court erred when it reinstated Jessica and Frances as parties to the action. On appeal, the supreme court addressed that issue, holding as follows:
“A plaintiff may voluntarily dismiss a suit without prejudice by filing a notice of dismissal prior to the service of an answer or of a motion for summary judgment, whichever occurs first. Rule 41, [Ala.] R. Civ. P. Carol McCall Clement served a notice of dismissal upon Jessica and Frances D. McCall on October 31, 1984, prior to the filing of an answer by Jessica on November 5. An answer was not filed by Frances. Rule 41(a)(1) affords the plaintiff an unqualified right to dismiss under these facts. Therefore, it was error for the trial court to reinstate Jessica and Frances as parties to the original suit. See *75 Williams v. Ezell, 531 F.2d 1261, 1263-64 (5th Cir.1976).”
Clement, 493 So.2d at 1353.
In deciding the issue in favor of Clement,[1] our supreme court relied on the interpretation of Rule 41(a)(1), Fed.R.Civ.P.,[2] by the United States Court of Appeals for the Fifth Circuit in Williams v. Ezell, 531 F.2d 1261 (5th Cir.1976). The Williams court explained that Rule 41(a)(1) entitles a plaintiff as a matter of right to dismiss his or her action where no answer or motion for a summary judgment has been filed by the defendant. Williams, 531 F.2d at 1263. In addition, the Williams court made it clear that a trial court “ha[s] no power or discretion to deny [a] plaintiff[’s] right to dismiss or to attach any condition or burden to that right.” 531 F.2d at 1264. Although the plaintiff in Williams had filed a “motion” to dismiss, the court held that the style of the pleading was “a distinction without a difference” and concluded that the effect of the “motion” was the same as the effect of a “notice” under Rule 41(a)(1). 531 F.2d at 1263.
A trial court is not required to enter an order to effectuate a dismissal under Rule 41(a)(1)(i); such a dismissal is effective once the plaintiff files a notice of dismissal. 531 F.2d at 1263; see also 9 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2363 (1995). In addition, “[s]ince the notice terminates the action, ‘[t]here is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by [an] adversary or court.’ ” Id. (quoting American Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir.1963)).
The mother had the right to dismiss the child-support action because the father had not yet filed an answer or a motion for a summary judgment. Neither the father nor the trial court had any authority to challenge or to prevent the mother’s exercise of that right. Because the trial court could not set aside the mother’s voluntary dismissal of the child-support action, the mother is clearly entitled to the relief she seeks. Accordingly, we grant the mother’s petition for the writ of mandamus and issue the writ.
PETITION GRANTED; WRIT ISSUED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.

. Although the court concluded that the trial court erred by reinstating Jessica and Frances as parties to the original suit, it determined that the error was harmless as Jessica and Frances remained parties to the suit by virtue of another party’s cross-claim against them. Clement, 493 So.2d at 1353.

. Rule 41(a)(1), Fed.R.Civ.P., is virtually identical to Rule 41(a)(1), Ala. R. Civ.-P.