**PILOT FREIGHT CARRIERS, INC.,**
**Plaintiff-Appellee,**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS et al.,**
**Defendants-Appellants.**

**No. 74–1031.**

United States Court of Appeals, Fifth Circuit.

Jan. 15, 1975.

Robert J. Higgins, Washington, D. C., Frank E. Hamilton, Jr., Tampa, Fla., for Int'l Brotherhood, etc.

Thomas J. Dorsey, Miami, Fla., Thomas A. Larkin, Jacksonville, Fla., L. N. D. Wells, Jr., Dallas, Tex., for Local Unions.

Granville Alley, Jr., V. James Facciolo, Cody Fowler, Ronald D. McCall, Thomas T. Steele, Tampa, Fla., for plaintiff-appellee.

---

Robert H. Cowan, Nashville, Tenn., for R. V. Pulliam.

Before DYER, SIMPSON and CLARK, Circuit Judges.

DYER, Circuit Judge:

Subject to certain restrictions not here relevant, Federal Rule of Civil Procedure 41(a)(1) on its face grants a plaintiff an unconditional right to dismiss his complaint by notice and without order of the court at any time prior to the defendant's service of an answer or motion for summary judgment. On this appeal, we are invited to narrow the express parameters of this right by holding that such a dismissal is unavailable to a plaintiff who has argued, and lost, a motion for preliminary injunctive relief. We decline the invitation, and affirm the district court's refusal to vacate a notice of dismissal filed by a plaintiff who had been served with neither an answer nor a motion for summary judgment.

Pilot Freight Carriers, Inc. [Pilot] is a common carrier of general commodity freight operating primarily in the eastern United States with lines as far west as Ohio. Its labor relations with non-supervisory personnel are in the main controlled by the National Master Freight Agreement [NMFA], a nationwide collective bargaining agreement periodically negotiated between the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America [IBT] on behalf of its locals and a multiemployer association of which Pilot is a member. In August, 1970, Pilot received authorization from the Interstate Commerce Commission to extend its lines south into Florida, and shortly thereafter established terminals in Jacksonville, Orlando, Tampa and Miami which were linked up to existing lines terminating in the Carolinas. Florida IBT locals at these points took the position that, because of this extension, the non-supervisory personnel automatically became subject to the terms of the NMFA by virtue of an accretion clause in the contract, while Pilot countered that its Florida operation, which utilized drivers and dockworkers employed by independent labor contractors rather than by Pilot directly, was sufficiently distinct to be outside the scope of the national agreement.

In an attempt to enforce their respective positions, the Florida locals in April, 1972, filed grievances pursuant to the NMFA, which under the contract were taken to arbitration before the Southern Multi-States Grievance Committee [Southern Committee], claiming that they were entitled to represent the Florida employees; on May 24, Pilot in turn filed a unit clarification petition with the NLRB asking that the Board construe its bargaining unit to exclude the Florida terminals. On June 12, Pilot also filed suit in the Middle District of Florida seeking, inter alia, to enjoin the Southern Committee from hearing the Unions' grievances until the NLRB had acted on its unit clarification petition. When the Southern Committee ruled adversely to Pilot on the Unions' grievances on June 22, Pilot amended its action to ask that the Unions be enjoined from enforcing their award through a strike or other concerted activity. A hearing on this amended motion was held on July 7, and the request for injunction denied on the following day.

On July 16, the Florida locals struck to enforce the Southern Committee award, and picketing was extended to Pilot's operations in other states. The strike continued until July 28, when it was temporarily enjoined by a federal district court in North Carolina on the ground that contractual grievance procedures had not been exhausted. This injunction was subsequently dissolved on September 8, 1972, following a decision in the Unions' favor by the National Grievance Committee, the final arbiter of disputes under the NMFA.

With minor exceptions, both the Florida and North Carolina actions were then allowed to languish for almost a year, until in August, 1973, IBT filed a set of

interrogatories in Florida and the following month moved to stay proceedings in North Carolina pending resolution of the Florida suit. Pilot's response was to file a notice of voluntary dismissal of its Florida action under F.R.C.P. 41(a)(1). The Unions then moved to vacate the notice of dismissal on essentially the same grounds urged before this Court, which motion was denied. This appeal ensued.

The Unions' most obvious hurdle on this appeal is of course the language of F.R.C.P. 41(a)(1), which provides in relevant part:

> Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service of the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . .

While this Court has not previously confronted the exact question presented by this appeal, we have in the past expressed the view that Rule 41(a)(1) means precisely what it says. American Cyanamid Co. v. McGhee, 5 Cir. 1963, 317 F.2d 295, 297; *cf.* Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc., 5 Cir. 1973, 474 F.2d 250 (motion to dismiss for lack of personal jurisdiction, motion to challenge service of process, and filing of written interrogatories not the equivalent of an answer for the purposes of the Rule); Nix v. Fulton Lodge No. 2, Int. Ass'n of Machinists and Aerospace Workers, 5 Cir. 1972, 452 F.2d 794, cert. denied, 406 U.S. 946, 92 S.Ct. 2044, 32 L.Ed.2d 332 (motions to dismiss based on insufficiency of service of process, lack of subject matter jurisdiction, failure to state a claim, and res judicata not the equivalent of a motion for summary judgment for the purposes of the Rule).

Although conceding that Pilot was entitled to dismiss its complaint under a literal reading of Rule 41(a)(1), the Unions contend that we should nonetheless vacate the notice of dismissal by applying the principles enunciated by the Second Circuit in Harvey Aluminum, Inc. v. American Cyanamid Co., 2 Cir. 1953, 203 F.2d 105, cert. denied, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383, in which the court refused to permit a plaintiff to dismiss by notice following an extensive hearing on a motion for preliminary injunction. We decline to do so.

First, the exceptional equitable considerations which apparently motivated the *Harvey* decision are not present in this case. One of the factors stressed in *Harvey* was the district court's extensive consideration of the merits at the preliminary injunction hearing, culminating in its conclusion that the plaintiff's ultimate chances of success on the merits were "remote, if not completely nil." *Id.* at 107. No such claim of patent insubstantiality is made here. In reaching its conclusion that a sufficiently "advanced stage" of the litigation had been reached to preclude Rule 41(a)(1) dismissal, the Second Circuit also relied heavily on the amount of preparation and expense incurred in defending at a hearing lasting several days and producing a 420 page record, while the hearing on Pilot's motion in this case consumed approximately two hours and substantially less paper. But more importantly in our view, the necessity of deciding in every case "How much preparation is too much?" in itself demonstrates the relative undesirability of the subjective approach endorsed in *Harvey* as opposed to the objective standards embodied in the Rule.

If however, as the appellants contend, *Harvey* is to be read more broadly as proscribing dismissal under F.R.C.P. 41(a)(1) whenever the merits of the controversy have been presented to the court in any manner, we must disagree with the decision and respectfully refuse to follow it. Since the substantial likelihood of plaintiff's success on the merits is one of the factors which must always be weighed by the district court in exercising its discretion to grant or withhold preliminary injunctive relief, *see, e. g.,* Allison v. Froehlke, 5 Cir. 1972, 470 F.2d 1123, 1126, such a view would amount to no less than a flat amendment of Rule

41(a)(1) to preclude dismissal by notice in any case where preliminary injunctive relief is sought. If such a comprehensive modification of the Rule is desirable, the request must be addressed to the Supreme Court and to Congress, not to this Court.

Finally, we find without merit the Unions' argument that the construction we place on the Rule permits forum shopping in the sense that a litigant may be able to choose a "friendly judge."

Pilot was entitled to dismiss its complaint under F.R.C.P. 41(a)(1). Accordingly, the district court's denial of the motion to vacate its notice of dismissal is

Affirmed.