Lonnie **WILLIAMS** and Thelma Craig, for themselves and all others similarly situated, Plaintiffs-Appellants,

v.

Probate Judge E. Mark **EZELL** et al., Defendants-Appellees.

No. 74–4059.

United States Court of Appeals, Fifth Circuit.

May 20, 1976.

---

Neil Bradley, Sara Jane Love, Atlanta, Ga., for plaintiffs-appellants.

Sara E. Green, Trudy B. Levy, League of Women Voters Ed. Fund, Washington, D. C., for League of Women Voters of U. S. & Alabama.

J. Edward Thornton, Mobile, Ala., for Virginia Oglesby, and others.

John Y. Christopher, Butler, Ala., for defendants-appellees.

Before DYER, CLARK and GEE, Circuit Judges.

DYER, Circuit Judge:

Williams and Craig brought suit challenging the apportionment of districts and certification of school Board candidates. After Plaintiffs unsuccessfully attempted to dismiss the action voluntarily under F.R.Civ.P. 41(a)(1) the district court awarded attorneys fees to the Board. Plaintiffs appealed. We reverse.

This action was brought on March 14, 1974, approximately two months before a primary election of candidates for the Choctaw County, Alabama Board of Education.[1] Plaintiffs sought a temporary and permanent injunction requiring the defendants to certify Williams as a candidate for the election and to place his name on the ballot, and a determination whether a system of single member districts or proportional representation should be ordered for the elec-

---

1. The action was brought under the Fourteenth and Fifteenth Amendments to the United States Constitution and 42 U.S.C.A. §§ 1971 and 1983. Jurisdiction was alleged under 28 U.S.C.A. §§ 1331, 1343, 2201 and 2202.

tion of members of the Board of Education. Plaintiffs also prayed for costs and attorneys fees. The district court held an emergency hearing on March 26, 1974, and two days later denied all injunctive relief, dismissed the complaint, and taxed costs against plaintiffs.

Plaintiffs filed a motion for rehearing on April 1, 1974. On June 5, 1974, the district court granted the motion in part, set aside its order denying permanent injunctive relief and agreed to hold a hearing on the apportionment challenge. The district court also established a discovery schedule, setting a pretrial conference for July 31, 1974. No discovery was taken by either party, however.

■ On July 25, 1974, plaintiffs filed a "Motion for Dismissal," to dismiss the action voluntarily without prejudice under Rule 41(a)(1).[2] Although Rule 41(a)(1) was not cited in the Motion for Dismissal, there is no question that plaintiffs were acting pursuant to it. That it was styled a "Motion for Dismissal" rather than a "Notice of Dismissal" is, in our opinion, a distinction without a difference.

On July 31, 1974, the district court denied this motion and, at the same time, reinstated its March 28, 1974, order.

Thereafter, the school board filed a motion seeking attorneys fees. On October 1, 1974, the district court granted the motion but reserved the question of the amount pending a meeting between the parties. The parties failed to agree on an amount and, on October 9, the district court entered an order awarding $2,500 in attorneys fees to the school board. Notice of appeal was filed on November 6, 1974, from the October 1 and October 9 orders.

Initially, the school board argues that there was a tardy filing of the notice of appeal. It argues that all of the rights and duties of the parties were effectively determined on October 1, 1974. Therefore, a notice of appeal filed more than 30 days thereafter is untimely and fatal to the jurisdiction of the Court.

■ In our view, however, the October 1 order of the district court was not a "final order" for purposes of appellate review. That order clearly left for a later determination the amount of the attorneys fees, an important component of plaintiffs potential obligation to the school board. That it was not "final" is also supported by the language of the district court's October 9 order wherein it was

ORDERED and ADJUDGED by the Court that the motion for setting reasonable attorneys' fees is hereby GRANTED and the Court sets attorneys' fee at TWO THOUSAND FIVE HUNDRED AND NO/DOLLARS, ($2,500.00).

Since the notice of appeal from the October 9, 1974, order was timely, we have jurisdiction.

Rule 41(a)(1) permits a party to dismiss his or her action by notice where no answer or motion for summary judgment has been filed. This Court stated recently that Rule 41(a)(1) "means precisely what it says." *Pilot Freight Carriers, Inc. v. International Brotherhood of Teamsters*, 5 Cir. 1975, 506 F.2d 914. In that case, we held that a plaintiff is entitled as a matter of right to dismiss its complaint where no responsive pleading has been filed even though a hearing on a motion for injunctive relief had been held. We specifically refused to interpret Rule 41(a)(1) to preclude a voluntary dismissal "whenever the merits of the controversy have been presented to the court in any manner." *Id.* at 916.

■ It is undisputed that the school board neither filed an answer to the complaint nor a motion for summary judgment before plaintiffs sought their voluntary dismissal. At the time plaintiffs filed their

---

2. F.R.Civ.P. 41(a)(1) provides in pertinent part that:

   .  .  . an action may be dismissed by the plaintiff without order of court  .  .  . by

filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs,  .  .  .

motion to dismiss the case was effectively terminated. The court had no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right. That was the end of the case and the attempt to deny relief on the merits and dismiss with prejudice was void. Likewise, except for determining appealability, the subsequent orders granting attorneys fees were a nullity.

REVERSED.