MONTGOMERY & LARMOYEUX, a Florida General Partnership, by Robert M. MONTGOMERY, Jr., General Partner, Plaintiff,

v.

PHILIP MORRIS, INC., R.J. Reynolds Tobacco Company, and Michael Maher, Defendants.

No. 97–8959–CIV.

United States District Court, S.D. Florida.

Aug. 25, 1998.

James Wallace Beasley, Jr., Beasley Leacock & Hauser, West Palm Beach, FL, for Plaintiff.

Joseph Ianno, Jr., Stephen J. Krigbaum, Ralph Benjamine Reid, Carlton Fields Ward Emmanuel et al., West Palm Beach, FL, Stephen D. Susman, Susman Godfrey, Houston, TX, for Philip Morris and R.J. Reynolds.

John Fletcher Romano, Michael Duke Eriksen, Romano Eriksen & Cronin, West Palm Beach, FL, for Michael Maher.

## ORDER ON PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S ORDER

GOLD, District Judge.

The issue before the Court on Plaintiff's Objections to Magistrate's Order Dated June 17, 1998 (DE # 47), is whether attorney's fees may be awarded pursuant to 28 U.S.C. section 1447(c), where the remand order did not specifically reserve jurisdiction to award fees and costs.

This case was removed to federal court based on the defendants' claim of fraudulent joinder. The Court held a hearing on plaintiff's motion for remand, determined that it lacked subject matter jurisdiction, and issued an order remanding the case to state court. Shortly thereafter, the plaintiff filed a motion for attorney's fees pursuant to 28 U.S.C. section 1447(c). The Court referred the attorney's fee issue to a United States Magistrate Judge. After a hearing, United States Magistrate Judge Barry L. Garber entered an order which found that the district court no longer had jurisdiction to enter an award of attorney's fees because any award of fees and costs must be included in the remand order. In reaching that decision, the Magistrate Judge relied on the case of *United Broadcasting Corp. v. Miami Tele–Communications, Inc.*, 140 F.R.D. 12 (S.D.Fla.1991). After reviewing *United Broadcasting Corp.* and the cases relied on by the plaintiff in its objections to the magistrate's order, the Court agrees with the great weight of authority on this issue, and finds that it has jurisdiction to award attorney's fees in this matter even though it has been divested of jurisdiction on the merits.

Pursuant to 28 U.S.C. section 1447(c), when remanding a case originally filed in state court, but removed to federal court by a party to the action, a district court is authorized to award attorney's fees to the party

resisting the removal.[1] Although the defendants in this case acknowledge that the district court has discretion in deciding whether to award fees, they argue that because the fee award was not included in this Court's remand order, it no longer has jurisdiction to make the award.

*United Broadcasting,* the case relied on by the Magistrate Judge, was issued shortly after the 1988 amendment to 28 U.S.C. section 1447(c). Noting the dearth of authority on the issue at that time—no circuit courts had yet ruled on the issue—the *United Broadcasting* court held that "the plain language of the statute controls and clearly provides that if the court is going to award attorneys' fees pursuant to 28 U.S.C. section 1447(c), it must be taken care of in the Order of Remand." 140 F.R.D. at 14. But after *United Broadcasting,* three circuit courts specifically considered whether an award of attorney's fees pursuant to section 1447(c) must be included in the remand order. All three circuit courts held that federal courts retain jurisdiction to award section 1477(c) fees after remand even where the remand order did not specifically reserve jurisdiction to award fees and costs. Two of the circuit court decisions acknowledged *United Broadcasting,* but expressly rejected its holding.[2] In reaching their holdings, each circuit relied on the United States Supreme Court opinion *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) which stated that an award of attorney's fees is a collateral matter over which the district court retains jurisdiction even after being divested of jurisdiction on the merits.

It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction. *See* 28 U.S.C. § 1919. This Court has indicated that motions for costs or attorney's fees are "independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree." *Sprague v. Ticonic National Bank,* 307 U.S. 161, 170, 59 S.Ct. 777, 781, 83 L.Ed. 1184 (1939). Thus, even "years after the entry of a judgment on the merits" a federal court could consider an award of counsel fees. *White v. New Hampshire Dept. of Employment Security,* 455 U.S. 445, 451, n. 13, 102 S.Ct. 1162, 1166, n. 13, 71 L.Ed.2d 325 (1982).

*Id. Cooter* is therefore consistent with the view that courts may consider an award of attorney's fees and costs after the case has been remanded to state court. Although *Cooter* dealt specifically with a Rule 11 issue, nothing in the opinion limits the holding to Rule 11 situations. To the contrary, the cases relied upon by *Cooter* had nothing whatsoever to do with Rule 11. *See Sprague v. Ticonic Nat. Bank,* 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939) (allowing post-judgment claim for attorney's fees in equitable "common fund" case even after full appeal); *White v. New Hampshire Dept. of Employment Sec.,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (holding that post-judgment motions for attorney's fees were allowable under the Civil Rights Attorney's Fees Act, 42 U.S.C.A. § 1988). According to the Eleventh Circuit, *Cooter* simply extended well-established law on collateral proceedings to include Rule 11. *Didie v. Howes,* 988 F.2d 1097, 1103 (11th Cir.1993)( "[A] district court has the authority to consider and rule upon the collateral issue of sanctions, although the case from which allegedly sanctionable conduct arose is no longer pending. *Cooter & Gell* ... Moreover, the [Supreme] Court has extended this analysis to hold that a district court appropriately may impose Rule 11 sanctions in a case in which the district court subsequently is determined to have been without subject matter jurisdiction.").

The three circuit court decisions that addressed the issue before this Court are sum-

---

**1.** The pertinent portion of section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

**2.** See *Mints v. Educational Testing Serv.,* 99 F.3d 1253 (3d Cir.1996) at 1258, and *Stallworth v. Greater Cleveland Reg. Transit Authority,* 105 F.3d 252 (6th Cir.1997) at 256.

marized briefly as follows. In the first post-*United Broadcasting* appellate case, the Ninth Circuit, relying on *Cooter*, held that the district court retained jurisdiction to award costs and fees pursuant to section 1447(c) after remand. It reasoned that clearly an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 445 (9th Cir.1992).

The Third Circuit followed the Ninth Circuit's lead. In *Mints v. Educational Testing Service*, 99 F.3d 1253 (3d Cir.1996), the plaintiff filed a motion for attorney's fees pursuant to § 1447(c) three months after the remand order. 99 F.3d at 1256. Citing *United Broadcasting*, the defendant argued that the court lacked jurisdiction to grant fees and costs. The Third Circuit expressly rejected *United Broadcasting's* finding that the plain words of the statute require the fee award to be included in the body of the remand order. To the contrary, according to the Third Circuit's view, section 1447(c) states only that a remand order "may require" payment of costs and expenses, including attorneys' fees, incurred as a result of removal. The "may require" language does not, the court wrote, mandate inclusion of an award of fees and costs in the remand order. Nor does it imply that an order for fees and costs cannot be entered after remand. The language is not temporal—it does not govern when a motion for fees and costs can be made or when an order requiring payment of fees and costs can be entered. All it does is make clear that district courts have discretion to assess fees and costs in ordering remand. *Id.* at 1258.

The Sixth Circuit also takes the position that a district court, after issuing an order of remand, may make an award of attorney fees and costs by separate order.

Indeed, the language of the statute—"an order remanding the case may require payment of ... attorney fees"—is enabling, but does not purport to be exclusive. **If the order does not include an award of attorney fees, there is nothing in the statute to suggest that there can-** **not be a supplemental or amended order.** That there could be additional orders is consistent with the continued jurisdiction of the district court to consider collateral matters after remand, as endorsed in *Willy v. Coastal Corp.*, 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992).

*Stallworth v. Greater Cleveland Regional Transit Authority*, 105 F.3d 252, 256–57 (6th Cir.1997) (emphasis supplied). *See also Miranti v. Lee*, 3 F.3d 925 (5th Cir.1993) (applying *Cooter* to retain jurisdiction over section 1447(c) fee awards after remand). District courts have agreed with the reasoning of *Moore, Mints,* and *Stallworth. See e.g., In re Application of G.W. Contractors, Inc.,* 1992 WL 167046 (E.D.La.1992)(court considered plaintiff's request for attorney's fees pursuant to 28 U.S.C. section 1447(c) even though request was made subsequent to remand); *MDC Wallcoverings v. State Bank of Woodstock,* 771 F.Supp. 242 (N.D.Ill.1991)(holding that the legislative history and spirit of 28 U.S.C. section 1447(c) indicates that the court has jurisdiction to award attorney's fees after remand); *Country Hill Bank v. General Dev't, L.P.,* 1990 WL 168417 (D.Kan.1990)(court considered fee issue after remand).

Persuaded by the reasoning of *Moore, Mints,* and *Stallworth,* this Court finds that a remand order divests a district court of jurisdiction to reconsider its decision to remand the case. It does not, however, divest the district court of its jurisdiction to consider the collateral matter of attorney's fees and costs. The rationale for this result is that divesting a district court of jurisdiction to reconsider the remand ruling is necessary to establish a "determinable jurisdictional event" after which the state court exercises full control over the case. *Mints,* 99 F.3d at 1257. But consideration of a post-remand award of fees and costs does not interfere with, or affect, the post-remand proceedings in state court. Consequently there is no reason the district court cannot entertain a request for fees and costs after it has issued its remand order. *Id.* at 1258.

Accordingly, the plaintiff's objections to the Magistrate Judge's order are well-taken. *Cooter* holds that a district court may consid-

er collateral issues after it has been divested of jurisdiction over the merits of the case. It further holds that attorney's fees and costs are collateral matters. 496 U.S. at 395, 110 S.Ct. 2447. Although section 1447(c) grants the district court the discretion to award fees and costs incurred as a result of the removal, nothing in the remand statute requires the district court to include that award in the remand order. Consequently, this Court has determined that it has jurisdiction to consider an award of attorney's fees post-remand. The magistrate's order from which the plaintiff appeals relied on a 1991 opinion from the Southern District. But the district court in *United Broadcasting* was one of the first courts in the United States to consider the newly-revised remand statute and did not have the benefit of three highly-persuasive appellate court decisions. Accordingly, this case is remanded to the Magistrate Judge to determine whether attorney's fees are appropriate in this case and, if so, to award reasonable fees to cover the costs incurred on the motion to remand.