In re Terri L. STEFFEN, Debtor.

Terri L. Steffen, Plaintiff,

v.

Kevin F. Kline, et al, Defendants.

Bankruptcy No. 8:01–09988–ALP.
Adversary No. 8:09–ap–00361–ALP.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 30, 2009.

See also 2009 WL 3669740.

---

David E. Hammer, David E. Hammer PA, Lutz, FL, Paul DeCailly, DeCailly PLC, Tampa, FL, for Plaintiff.

D. David Keller, Bunnell Woulfe & Keller PA, Fort Lauderdale, FL, Seth P. Traub, Shumaker Loop & Kendrick, LLP, Tampa, FL, Lynne M. Murphy, Washington, DC, for Defendants.

Ernest B. Haire, III, Tampa, FL, pro se.

G. Michael Nelson, Nelson, Bisconti & Thompson, LLC, Tampa, FL, pro se.

## ORDER ON MOTION TO VACATE THE ORDER ON DEFENDANTS, KEVIN KLINE AND KLINE, MOORE & KLINE, P.A.'S MOTION FOR SANCTIONS AND ATTORNEY'S FEES AGAINST DAVID E. HAMMER AND DAVID E. HAMMER, P.A.

### (DOC. NO. 66)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration is a Motion to Vacate the Order on Defendants, Kevin Kline and Kline, Moore & Kline, P.A.'s Motion for Sanctions and Attorney's Fees against David E. Hammer and David E. Hammer, P.A., filed by David E. Hammer and David E. Hammer, P.A. (Hammer) on September 3, 2009 (Motion to Vacate)(Doc. No. 66). Hammer seeks an Order from this Court vacating this Court's Order entered on August 24, 2009, on Defendants, Kevin Kline and Kline, Moore & Kline, P.A.'s Motion for Sanctions and Attorney's Fees against David E. Hammer and David E. Hammer, P.A. (Doc. No. 58). This Court in its Order on the Defendants' Motion for Sanctions, determined that the Defendants established a prima facie case for the imposition of sanctions against David E. Hammer and David E. Hammer, P.A. and scheduled an evidentiary hearing to determine the issue of Hammer's good faith defense. In order to understand the procedural posture of the above-captioned adversary proceeding a brief history of the facts leading to the current Motion under consideration should be helpful.

On February 27, 2009, Steffen filed this suit against Kline, the law firm and others. In Count III of the Complaint, Steffen alleges a claim for conspiracy against all Defendants, including Kline and the law firm. See Complaint at ¶ 26. Steffen alleged that "Haire, Nelson, NBTM, Kline, KMK, Menchise and Hervey have entered into a conspiracy to work together to unlawfully harass Steffen, and to deprive of her [sic] property by unlawful means." Complaint at ¶ 26. The only factual allegation made against Kline and the law firm was that "Kline and KMK sent a letter to Hervey in furtherance of the conspiracy, enclosing the Bank Records that Kline and KMK unlawfully obtained from Haire, and that Haire unlawfully obtained from Bank of America." See Id. at ¶ 28.

On June 12, 2009, Steffen, through a new attorney, Paul DeCailly, filed a Notice of Voluntary Dismissal dismissing the case (Adv.Pro.8:09–ap–00361, Doc. No. 29). On June 16, 2009, the Court held a Pre–Trial Hearing on Motions to Dismiss. During the Hearing, the Court denied Defendants' Motion to Dismiss Count III of the Complaint as Moot due to the Voluntary Dismissal. On July 8, 2009, the Defendants Kevin Kline and Kline, Moore & Klein,

P.A.'s filed their Motion for Sanctions and Attorney's Fees against David E. Hammer and David E. Hammer, P.A. (Adv. Pro.8:09–ap–00361, Doc. No. 35). On August 13, 2009, the Court held a hearing on the Motion for Sanctions. At the hearing, the Court found that Defendants established a prima facie case for the imposition of sanctions against Hammer and his PA and determined that the only issue left for the Court to determine is whether Hammer acted in good faith. Prior to the Order being entered on the Defendants' Motion for Sanction, Hammer on August 20, 2009, filed an Unopposed Motion to Continue/Reschedule Hearing on Motion for Sanctions and Attorney's Fees (Adv. Pro.8:09–ap–00361, Doc. No. 57). In his Motion, Hammer sought a continuation of the evidentiary hearing so that he could retain "special counsel" to represent him at that hearing.

On August 24, 2009, the Court entered an order memorializing its ruling on the Defendants' Motion for Sanctions and scheduled an evidentiary hearing on August 25, 2009, to address that issue. (the "Order") (Adv.Pro.8:09–ap–00361, Doc. No. 58). On the same date, the Court entered an order granting Hammer's Unopposed Motion to Continue/Reschedule Hearing on Motion for Sanctions and Attorney's Fees (Adv.Pro.8:09–ap–00361, Doc. No. 60) and rescheduled the hearing to October 6, 2009 at 1:30 pm. On September 3, 2009, Hammer filed the current Motion under consideration (Adv.Pro.8:09–ap–00361, Doc. No. 66). On September 9, 2009, the Court entered an order scheduling the Motion to Vacate which was heard on October 6, 2009, the same day as the evidentiary hearing on the Motion for Sanctions (Adv. Pro.8:09–ap–00361, Doc. No. 67).

It should be noted at the outset that this Court in a prior ruling acknowledged that a debtor has the right to dismiss a lawsuit by merely filing a notice of dismissal pursuant to Fed.R.Civ.P. 41 as adopted by Fed. R. Bankr.P. 7041(a)(1). Rule 7041(a)(1) provides in pertinent part that, "a plaintiff may dismiss an action without court order by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; ...." However, it cannot be gainsaid that Debtor's counsel's motivation to file a lawsuit in an improper venue coupled with the timing of the filing of the Debtor's Notice of Voluntary Dismissal four days prior to the hearing scheduled on Defendants Kevin Kline and Kline, Moore & Klien, P.A.'s Motion to Dismiss Count III of the Complaint (Adv.Pro.8:09–ap–00361, Doc. No. 20), does not leave much for one's imagination. Be that as it may and as noted above, the Debtor's new counsel, Paul DeCailly, in fact, filed his Notice of Voluntary Dismissal without Prejudice pursuant to Fed.R.Civ.P. 41 as adopted by Fed.R.Bankr.P. 7041 on June 12, 2009.

In support of his Motion to Vacate, Hammer erroneously argues that the Notice of Voluntary Dismissal automatically deprives the Court jurisdiction over the case, and as a result, the Court cannot impose sanctions against him and his PA. In support of his position, Hammer relies on the case of *Williams v. Ezell,* 531 F.2d 1261 (5 Cir.1976). However, this Court is satisfied that the *Williams* case did not address the specific issue of the court's jurisdiction to award sanctions after a voluntary dismissal is filed. The Court notes that the *Williams* court addressed the issue of whether a court could prevent, or place conditions upon, a party who attempts to file a voluntary dismissal. The court held that courts do not have discretion to deny a voluntary dismissal or to attach any condition or burden on dismissal. Once again this Court notes that Hammer has filed yet another pleading before

this Court without conducting the necessary research.

In the case of *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), the United States Supreme Court addressed, and rejected, the very same argument Hammer advances. Specifically, the court addressed whether the filing of a notice of voluntary dismissal automatically deprived a court jurisdiction over the action, rendering the court powerless to impose sanctions thereafter pursuant to a Rule 11 motion. The court noted, "it is well established that a federal court may consider collateral issues after an action is no longer pending ... motions for costs or attorney's fees are 'independent proceedings supplemental to the original proceeding and not a request for a modification of the original decree.'" *Id.* at 396, 110 S.Ct. 2447. Consequently, the court held that courts continue to have jurisdiction over the issue of sanctions after a case is dismissed.

The United States Court of Appeals for the Eleventh Circuit has also recognized that "a district court has the authority to consider and rule upon the collateral issue of sanctions, although the case from which allegedly sanctionable conduct arose is no longer pending." The court further held that "a determination on sanctions is not a judgment on the merits, but a decision as to whether an attorney has abused the judicial process." *Id. See Didie v. Howes*, 988 F.2d 1097, 1103 (11 Cir.1993); *Mahone v. Ray*, 326 F.3d 1176, 1180 (11 Cir.2003) ("as both the Supreme Court and we have recognized, Rule 11 motions raise issues that are collateral to the merits of an appeal, and as such may be filed even after the court no longer has jurisdiction over the substance of the case."); *See also Montgomery & Larmoyeux v. Philip Morris, Inc.*, 19 F.Supp.2d 1334 (S.D.Fla.1998) (holding that court retained jurisdiction to award attorney's fees after case was remanded). The power to impose sanctions after dismissal extends to bankruptcy courts. *See In re Neiman*, 257 B.R. 105, 111 (Bankr.S.D.Fla.2001); *Koehler v. Grant*, 213 B.R. 567, 569 (8th Cir. BAP 1997) (noting that "the court's jurisdiction does not end once a plan is confirmed or the case is closed" and holding that bankruptcy court can impose sanctions pursuant to Section 105 even after a case is closed). Of course here, the general bankruptcy case remains pending before this Court since May 29, 2001, was converted to a case pursuant to Chapter 7 of the Bankruptcy Code on December 19, 2007, and has never been closed.

Based on the foregoing, this Court finds that it is appropriate, pursuant to the case law cited above coupled with this Court's inherit powers to impose sanctions against David E. Hammer and David E. Hammer, P.A., and this Court is satisfied, that Hammer's Motion shall be denied. Be that as it may, this Court is satisfied that the evidentiary hearing to determine the issue of Hammer's good faith defense and whether he acted in good faith in prosecuting the action against the Defendants shall be rescheduled with no further continuance.

Accordingly, it is

**ORDERED, ADJUDGED, AND DECREED** that the Motion to Vacate the Order on Defendants, Kevin Kline and Kline, Moore & Kline, P.A.'s Motion for Sanctions and Attorney's Fees against David E. Hammer and David E. Hammer, P.A., filed by David E. Hammer and David E. Hammer, P.A. (Hammer) on September 3, 2009 (Adv.Pro.8:09–ap–00361, Doc. No. 66) be, and the same is hereby denied. It is further

**ORDERED, ADJUDGED, AND DECREED** that a final evidentiary hearing shall be held on January 12, 2010, begin-

ning at 1:30 p.m. at Courtroom 9A, Sam M. Gibsons United States Courthouse, 801 N. Florida Ave., Tampa, Florida, to determine the issue of Hammer's good faith defense in whether he acted in good faith in prosecuting the action against the Defendants.