[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11629
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-01313-MHC

TONY L. WARE,

Plaintiff-Appellant,

versus

PINE STATE MORTGAGE CORP.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 31, 2018)

Before NEWSOM, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Tony Ware, proceeding *pro se*, appeals the district court's order vacating a bill of costs granted in his favor by the clerk of the court as well as that court's subsequent refusal to set aside the vacatur order.  Ware argues that he was entitled to recover his costs under Federal Rule of Civil Procedure 54(d) and that the district court lacked both subject matter jurisdiction and discretion to vacate the bill of costs.  He contends that the district court lacked subject matter jurisdiction because it had already remanded his suit back to the state court, and lacked discretion because Mortgage Electronic Registration Systems's motion to vacate the bill of costs was untimely.  After careful review of Ware's arguments, we affirm the district court's order vacating Ware's bill of costs and its refusal to set this order aside.

## I

We must first address our own jurisdiction over Ware's appeal.  We review jurisdictional issues *de novo*.  *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1266 (11th Cir. 2015).  "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."  *Bowles v. Russell*, 551 U.S. 205, 214 (2007).  Notice must be filed within 30 days of the entry of the judgment or order from which the appeal is taken.  Fed. R. App. P. 4(a)(1)(A).  A motion under Rule 60 of the Federal Rules of Civil Procedure tolls this 30-day deadline,

2

but the motion must be filed no later than 28 days after the entry of the judgment.

Fed. R. App. P. 4(a)(4)(A)(vi). The 30-day deadline to file an appeal runs from the

entry of an order disposing of the Rule 60 motion. *Id.* 4(a)(4)(A).

The district court granted MERS's motion to vacate the bill of costs on

January 16, 2018. On February 12—27 days later—Ware filed a "Motion to Set

Aside Void Order" that specifically cited Rule 60(b)(4). The district court denied

Ware's motion on March 21, and Ware filed a notice of appeal on April 19.

Ware's appeal is therefore timely.

Federal courts of appeals generally have jurisdiction to review only the final

decisions of lower federal courts. 28 U.S.C. § 1291; *S.E.C. v. Carrillo*, 325 F.3d

1268, 1272 (11th Cir. 2003). A district court order remanding a case to the state

court from which it was removed is not considered "final." 28 U.S.C. § 1447(d);

*see also Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*,

254 F.3d 1317, 1319 (11th Cir. 2001) (noting that a remand order based on a lack

of subject matter jurisdiction is not reviewable). We have held, however, that we

retain jurisdiction to review a district court's grant or denial of a party's costs

incurred as a result of the removal of a case, notwithstanding that the order

remanding the case is not itself appealable. *See, e.g.*, *Legg v. Wyeth*, 428 F.3d

1317, 1319–20 (11th Cir. 2005). Satisfied as to our jurisdiction over Ware's

arguments, we turn to their merits.

3

## II

We review an order assessing costs for abuse of discretion. *Cochran v. E.I. duPont de Nemours*, 933 F.2d 1533, 1540 (11th Cir. 1991). Rule 54(d) provides that a "prevailing party" should be allowed to recover its costs as a matter of course unless a federal statute, the Rules, or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1). The costs that may be taxed in favor of the prevailing party are specified in 28 U.S.C. § 1920.

A "prevailing party" under Rule 54(d) is "[u]sually the litigant in whose favor judgment is rendered . . . ." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2667). And while our cases "consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced," *id.* (internal citations omitted), there is no "prevailing party"—and thus no cost award—if there has not been a "material alteration of the legal relationship of the parties." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–793 (1989).

There has been no material alteration here. What this Court has described as the "essential test"—namely, whether there has been a "judicially sanctioned change in the legal relationship of the parties," *Am. Disability Ass'n, Inc. v.*

*Chmielarz*, 289 F.3d 1315, 1319 (11th Cir. 2002) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001))—has not been met because the legal relationship between Ware and MERS did not change simply as a result of the remand. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). Ware was therefore not a "prevailing party" entitled to costs under Rule 54(d), and the district court did not abuse its discretion in vacating his bill of costs.

### III

Ware also argues that the district court lacked both subject matter jurisdiction and discretion to vacate the bill of costs. We disagree. With regard to the district court's jurisdiction, "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990); *see also Bauknight v. Monroe Cty., Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006); *Montgomery & Larmoyeux by Montgomery v. Philip Morris, Inc.*, 19 F. Supp. 2d 1334, 1336 (S.D. Fla. 1998) ("[A] remand order divests a district court of jurisdiction to reconsider its decision to remand the case. It does not, however,

5

divest the district court of its jurisdiction to consider the collateral matter of attorney's fees and costs.").

Turning to the district court's discretion to hear MERS's motion to vacate the bill of costs, Rule 54(d) provides that a clerk "may tax costs on 14 days' notice" and that "[o]n motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d). MERS filed its motion to vacate the bill of costs eight days after the clerk of court granted Ware's request for costs—one day late under the terms of the rule. But of course district courts have discretion to consider untimely motions. *See* Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time."); *Baum v. United States*, 432 F.2d 85, 86 (5th Cir. 1970); *United States v. Kolesar*, 313 F.2d 835, 837 n.1 (5th Cir. 1963) (stating that the time for filing a motion to retax costs is not jurisdictional and that the district court retained discretion to address the untimely motion). The district court thus had discretion to consider MERS's untimely motion; and as already indicated, we find no abuse.

In sum, we hold that Ware was not entitled to costs because he was not a "prevailing party," that the district court continued to have jurisdiction over the issue of costs following remand, and that the district court did not abuse its discretion in addressing MERS's untimely motion to vacate the bill of costs. Accordingly, we affirm.

6

**AFFIRMED.**