[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13195

_____

LINDA HARDNETT,

Plaintiff-Appellant,

*versus*

EQUIFAX INFORMATION SERVICES, LLC,
a Georgia limited liability company,
TRANS UNION, LLC,
an Illinois limited liability company,
CREDIT COLLECTION SERVICES, INC.,
a foreign corporation,

Defendants-Appellees,

MERRICK BANK CORPORATION,
a foreign corporation
d.b.a. Merrick Bank, et al.,

                                                    Defendants.

—————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-03017-LMM

—————————————

Before BRANCH, BRASHER, and ED CARNES, Circuit Judges.

PER CURIAM:

Linda Hardnett sued multiple defendants, alleging violations of the Fair Credit Reporting Act ("FCRA"). After the district court granted one of the defendant's motion to dismiss, Hardnett appealed to this Court. But we do not reach the merits of Hardnett's appeal today. After a careful review for appellate jurisdiction in this case, we conclude that we have none. Accordingly, we dismiss this case for lack of jurisdiction.

Hardnett sued seven defendants for alleged violations of the FCRA. Four defendants were dismissed through notices of voluntary dismissal before they answered. Another defendant, Credit Collection Services, Inc. ("CCS"), moved to dismiss

Hardnett's claims against it under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The district court granted CCS's motion. The dismissal of CCS, however, still left two defendants in the case—Trans Union, LLC and Equifax Information Services, LLC.

Shortly after CCS was dismissed, Hardnett informed the district court that she had settled her claims with Trans Union and Equifax and that she anticipated filing stipulations of dismissal under Federal Rule of Civil Procedure 41(a). On July 2, 2021, Hardnett and Trans Union filed a "Stipulation of Dismissal with Prejudice of Trans Union Only," which was signed by counsel for Hardnett, Trans Union, and Equifax. They also provided a draft order, and the district court entered an order dismissing Hardnett's claims against Trans Union on July 23, 2021, leaving Equifax as the last remaining defendant.

Hardnett and Equifax then filed a "Stipulation of Dismissal with Prejudice" as to Equifax, which was signed by counsel for Hardnett and Equifax only. Unlike the Trans Union dismissal, the district court did not enter an order dismissing Hardnett's claims against Equifax. After filing the Equifax stipulation of dismissal, Hardnett appealed.

It is well-established that we must raise concerns about our jurisdiction at any point in the appellate process and that we are ordinarily limited to reviewing only final decisions of district

courts.[1] *See* 28 U.S.C. § 1291; *Acheron Capital, Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022). After this appeal was set for oral argument on the merits, we asked the parties to address whether the Equifax stipulation was effective given that it was signed only by counsel for Hardnett and Equifax. We asked because Rule 41(a)(1)(A)(ii) permits a plaintiff to dismiss an action by filing "a stipulation of dismissal *signed by all parties who have appeared.*" Fed. R. Civ. P. 41(a)(1)(A)(ii) (emphasis added). While Equifax was the sole *remaining* defendant, other defendants had appeared in this case.

Although we have "h[e]ld that [a] plaintiff is entitled to a dismissal against one defendant under Rule 41(a), even though the action against another defendant would remain pending," we have not addressed who must sign a stipulation of dismissal. *Plains Growers, Inc. by Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir. 1973) (discussing only Rule 41(a) notices and motions in a case not involving a stipulation of dismissal).[2] The parties do not point us to a published decision from another circuit examining this issue in any depth nor has our

---

[1] Although exceptions to this rule exist, they are not relevant to this appeal.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

research revealed one.[3]  Nevertheless, in interpreting Rule 41(a)(1), we have repeatedly said that the Rule "means precisely what it says."  *Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters*, 506 F.2d 914, 916 (5th Cir. 1975); *Est. of W. v. Smith,* 9 F.4th 1361, 1367–68 (11th Cir. 2021).  And Hardnett and CCS both concede that the Equifax stipulation was not signed by all parties who have appeared in this case and was therefore not a valid stipulation of dismissal.

Because the district court did not order dismissal under Rule 41(a)(2), the claims against Equifax remain pending.  Without a final resolution of all of the claims of all the parties, there is not a final judgment.[4]  *See Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1245–46 (11th Cir. 2012).

Accordingly, this appeal is **DISMISSED** for lack of jurisdiction.

---

[3] We acknowledge that the Fifth Circuit noted in 2018 that "only the dismissed defendant need sign the stipulation."  *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 415 n.3 (5th Cir. 2018) (citing *Plains Growers*, 474 F.2d at 253).  But the Fifth Circuit provided no reasoning for its conclusion and the only case it cited (*Plains Growers*, 474 F.2d at 253) did not address stipulations of dismissal under Rule 41(a)(1)(A)(ii).

[4] Indeed, both Hardnett and CCS concede that, in light of Equifax's ineffective dismissal stipulation, "the district court's judgment that is the subject of [this] appeal was not final and appealable."