**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-2148**

───────────────

ROBERT D. CONNELLY; ERIE INSURANCE COMPANY,

        Plaintiffs – Appellants,

    v.

DAYSTAR BUILDERS, INC.,

        Defendant – Appellee.

    and

ALLEGANY COUNTY,

        Defendant.

───────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Adam B. Abelson, District Judge.  (1:24-cv-00712-MABA)

───────────────

ARGUED:  October 23, 2025               Decided:  November 17, 2025

───────────────

Before WILKINSON, KING, and THACKER, Circuit Judges.

───────────────

Vacated and remanded by unpublished opinion.  Judge King wrote the opinion, in which Judge Wilkinson and Judge Thacker joined.

───────────────

**ARGUED:**  Kenneth Graham Macleay, MACLEAY LAW FIRM, LLC, Annapolis, Maryland, for Appellants.  Lindsay Mann Casey, MANN & CASEY, P.A., Phoenix, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

KING, Circuit Judge:

The district court dismissed this civil action with prejudice on October 21, 2024. We conclude, however, that the court should have considered the action to have been voluntarily dismissed without prejudice as of April 30, 2024, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Consequently, we vacate the court's October 21, 2024 judgment and remand with instructions that all case activity after the April 30, 2024 voluntary dismissal is void. We also emphasize that we mean no criticism of the district court, which, as explained herein, was not advised of Rule 41(a)(1)(A)(i) by plaintiff's counsel.

I.

The record reflects that, in July 2021, plaintiff Robert D. Connelly fell approximately 20 feet from an attic area to the concrete floor below while working on a renovation project at the LaVale Library in Allegany County, Maryland. Connelly, who was then 28 years old, sustained grievous injuries in the fall, including being paralyzed from the waist down. He thus sought Maryland workers' compensation benefits from his employer, project subcontractor A&M Fire Protection, LLC, a non-party to this civil action. Connelly has been awarded at least $1,050,000 in workers' compensation benefits so far, allegedly paid by Erie Insurance Company as A&M's insurer.

This civil action was brought to recover damages from defendant Daystar Builders, Inc., the general contractor on the LaVale Library renovation project. Connelly filed his original complaint against Daystar in the District of Maryland on March 11, 2024, invoking

3

the district court's diversity jurisdiction under 28 U.S.C. § 1332 premised on his West Virginia citizenship and Daystar's Maryland citizenship. The original complaint alleged three claims, for negligence, strict liability, and punitive damages. On April 15, 2024, in lieu of an answer, Daystar filed a motion to dismiss the original complaint with prejudice, relying on Federal Rule of Civil Procedure 12(b)(6) and contending that Connelly's claims were precluded by Maryland's workers' compensation scheme.

On April 30, 2024, Connelly submitted an amended complaint alleging the same three claims against Daystar, but adding Erie as a plaintiff and asserting a new subrogation claim on Erie's behalf. Also that day, Connelly filed what was styled a "Motion to Dismiss Without Prejudice," referring to Erie as "a Maryland based workers' compensation carrier" and contending that "[t]he addition of this Plaintiff deprives the Federal Court of subject matter jurisdiction as complete diversity no longer exists between the parties." *See Connelly v. Daystar Builders, Inc.*, No. 1:24-cv-00712, at 2 (D. Md. Apr. 30, 2024), ECF No. 21. Citing the diversity jurisdiction statute, which it referred to as "the Federal Rule 28 U.S.C. § 1332," the motion "respectfully requested that this Honorable Court dismiss the above-captioned case without prejudice to allow re-filing in the state Court." *Id.* Significantly, the motion did not mention Federal Rule of Civil Procedure 41(a)(1)(A)(i) or any of Rule 41(a)'s other voluntary dismissal provisions.

On May 10, 2024, Daystar filed a motion to dismiss the amended complaint with prejudice under Rule 12(b)(6), contending that Connelly's and now Erie's claims were precluded by Maryland's workers' compensation scheme. That same day, Daystar also filed a response to Connelly's motion to dismiss the action without prejudice, urging the

4

district court to deny such a dismissal and to reject the joinder of Erie as a party. Therein, Daystar repeated its contention that Connelly's and Erie's claims were precluded by Maryland's workers' compensation scheme. Additionally, Daystar argued that the amended complaint failed to adequately allege Erie's Maryland citizenship and suggested that Erie was fraudulently added as a plaintiff solely to defeat federal subject matter jurisdiction. Like Connelly, Daystar did not mention Rule 41(a).

Following further briefing, by its Order and accompanying Memorandum Opinion of October 21, 2024, the district court denied Connelly's motion to dismiss the action without prejudice and granted Daystar's Rule 12(b)(6) motion to dismiss the amended complaint with prejudice. *See Connelly v. Daystar Builders, Inc.*, No. 1:24-cv-00712 (D. Md. Oct. 21, 2024), ECF Nos. 40 & 41 (respectively, the "Opinion" and the "Judgment Order"). In addressing Connelly's motion, the court did not *sua sponte* raise Rule 41(a). As the court understood it, Connelly's motion instead turned on whether he established that Erie is a citizen of Maryland and thus that the court no longer possessed diversity jurisdiction. *See, e.g.*, Opinion 4 (describing the issue as being "whether dismissal should be . . . without prejudice based on an absence of federal subject matter jurisdiction, as Plaintiffs seek"). Concluding that Erie is a citizen of Pennsylvania, not Maryland, the court ruled that "there is complete diversity of citizenship between the parties." *Id.* at 7. The court therefore deemed jurisdiction to be proper under § 1332 and resolved to deny Connelly's motion to dismiss the action without prejudice. *Id.*

Next, in addressing Daystar's Rule 12(b)(6) motion, the district court determined that Connelly's and Erie's claims were precluded by Maryland's workers' compensation

5

scheme. *See* Opinion 7-11. As such, the court resolved to grant Daystar's Rule 12(b)(6) motion and dismiss the amended complaint with prejudice. *Id.* at 11. Connelly timely noted this appeal from the resultant Judgment Order, and we possess jurisdiction pursuant to 28 U.S.C. § 1291.

II.

On appeal, Connelly finally invokes Federal Rule of Civil Procedure 41(a) and contends that the district court should have treated his motion to dismiss this action without prejudice as a "self-executing" notice of dismissal under Rule 41(a)(1)(A)(i). *See Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993) (explaining that a voluntary dismissal under what is now Rule 41(a)(1)(A)(i) "is available as a matter of unconditional right and is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required" (citations omitted)). The voluntary dismissal provisions of Rule 41(a) state as follows:

    (a)     **Voluntary Dismissal.**

        (1)     *By the Plaintiff.*

            (A)     *Without a Court Order*. Subject to [several exceptions inapplicable herein], the plaintiff may dismiss an action without a court order by filing:

                (i)     a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

                (ii)     a stipulation of dismissal signed by all parties who have appeared.

6

(B)     *Effect.*  Unless the notice or stipulation states otherwise, the dismissal is without prejudice.  But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

(2)     ***By Court Order; Effect.***  Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  . . .  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

*See* Fed. R. Civ. P. 41(a).

As Connelly puts it, because Daystar "never filed an answer to the complaint or a Motion for Summary Judgment," the district court "should have accepted [his] request for a Voluntary Dismissal without Prejudice." *See* Br. of Appellant 12.  Connelly emphasizes that — although Daystar filed a Rule 12(b)(6) motion to dismiss — Rule 41(a)(1)(A)(i) "does not bestow [such a motion] with any effect to deprive a Plaintiff the right to voluntarily dismiss." *Id.* at 12-13.

In response, Daystar contends that because Connelly failed to raise the Rule 41(a)(1)(A)(i) issue in the district court, this Court should not consider it.  *See* Br. of Appellee 16 (quoting, inter alia, *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 603 (4th Cir. 2004), for the proposition that "[a]bsent exceptional circumstances . . . we do not consider issues raised for the first time on appeal" (alteration in original)).  Additionally, Daystar argues that by filing a motion to dismiss without prejudice, rather than a notice of dismissal, Connelly "waived the[] right to unilaterally dismiss the case, and instead, placed the decision as to whether the case should be dismissed without prejudice in the hands of the District Court." *Id.* at 16-17 (suggesting that Connelly's

7

motion should be treated as a request for dismissal at the district court's discretion under Rule 41(a)(2)).

We conclude that Connelly's motion to dismiss this action without prejudice constituted a self-executing notice of dismissal under Rule 41(a)(1)(A)(i). We rely for this conclusion on persuasive authorities, particularly the Fifth Circuit's decision in *Williams v. Ezell*, 531 F.2d 1261 (5th Cir. 1976), *abrogated in part on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393-98 (1990). There, the court encountered a request for dismissal without prejudice much like Connelly's — a request styled a "Motion for Dismissal" that did not cite what is now Rule 41(a)(1)(A)(i) — and construed it to be a self-executing notice of dismissal. *See id.* at 1263-64.

The *Williams* court explained that although Rule 41(a)(1)(A)(i) "was not cited in the Motion for Dismissal, there [was] no question that plaintiffs were acting pursuant to it." *See* 531 F.2d at 1263. Indeed, like here, it was "undisputed that the [defendant] neither filed an answer to the complaint nor a motion for summary judgment before plaintiffs sought their voluntary dismissal." *Id.* Moreover, the court saw it as "a distinction without a difference" that the request "was styled a 'Motion for Dismissal' rather than a 'Notice of Dismissal.'" *Id.* Accordingly, the court instructed:

> At the time plaintiffs filed their motion to dismiss[,] the case was effectively terminated. The [district] court had no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right. That was the end of the case and the attempt to deny relief on the merits and dismiss with prejudice was void.

*Id.* at 1263-64.

8

We are also persuaded by two unpublished decisions of our Court that have adhered to the Fifth Circuit's *Williams* decision.  Specifically, we recognized in *Jackson v. United States* that the case was dismissed without prejudice under what is now Rule 41(a)(1)(A)(i) upon the filing of the plaintiff's motion for voluntary dismissal, such that the district court's subsequent order dismissing the matter with prejudice "was in error" and "void."  *See* No. 05-7935, 2007 WL 2349339, at *1 (4th Cir. Aug. 17, 2007).  We deemed "not relevant" the fact that the plaintiff "filed a motion for dismissal rather than a notice of dismissal," as he "cited [Rule 41(a)(1)(A)(i)] in his motion and the motion was filed prior to any response by the Government."  *Id.* at *1 n.1 (citing *Williams*, 531 F.2d at 1263).

We ruled similarly in *Satterfield v. Vaughn*, even though — as in this case and *Williams* — the plaintiff did not cite Rule 41(a)(1)(A)(i) in his request for dismissal.  *See* No. 24-6298, 2024 WL 3633581, at *1 (4th Cir. Aug. 2, 2024).  The district court had construed the plaintiff's request for dismissal to be a motion to dismiss the action, but we recognized that the court should have instead construed it to be a Rule 41(a)(1)(A)(i) notice of dismissal.  *Id.*  That was so, we explained, because the "[d]efendant did not file an answer or a motion for summary judgment prior to the filing of [the plaintiff's] request for dismissal."  *Id.* (citing *Williams*, 531 F.2d at 1263, for the proposition that a "request for voluntary dismissal filed within the limits of Rule 41(a)(1)(A)(i) should be construed as a notice of dismissal under that rule, regardless of how it is styled).  We instructed that "[b]ecause a voluntary dismissal is effective upon the filing of the notice with the clerk of the district court, the action terminated when [the plaintiff] filed his notice," thereby

9

divesting the district court of jurisdiction and rendering a subsequent court order "void." *Id.*

As these authorities reflect, notwithstanding that Connelly's request for dismissal without prejudice was styled a "motion" and did not cite Rule 41(a)(1)(A)(i), that request was within the limits of Rule 41(a)(1)(A)(i) and therefore constituted a notice of dismissal that was effective upon its filing on April 30, 2024. All subsequent case activity was thus void, and the district court lacked authority to dismiss the action with prejudice by its Judgment Order of October 21, 2024. Again, however, the court is deserving of no criticism for proceeding as it did. Plaintiff's counsel should have consulted the Federal Rules of Civil Procedure and expressly invoked Rule 41(a)(1)(A)(i) in the dismissal request. To be sure, if the lawyer had done so, not only the district court, but also this Court and especially his client Connelly, would have been much better served.

## III.

Pursuant to the foregoing, we vacate the district court's Judgment Order of October 21, 2024, dismissing this civil action with prejudice, and we remand with instructions that the action was voluntarily dismissed under Federal Rule of Civil Procedure 41(a)(1)(A)(i) as of April 30, 2024, voiding all case activity that followed.

*VACATED AND REMANDED*